No. 8902.

THE STATE OF LOUISIANA EX REL. WIDOW DUPIERRIS VS. THE
JUDGES OF THE COURT OF APPEALS FOR THE PARISH
OF ORLEANS.

A mandamus does not lie to the Court of Appeals, to compel it to take jurisdiction of a case
which it has dismissed, where it appears that the amount claimed or the matter in dis-
pute exceeds one thousand dollars.

It is indifferent whether the demand be made in a direct suit, or in an opposition to an admin-
istrator's account in the settlement of a succession, showing for actual distribution an
amount less than $1,000.

APPLICATION for a Mandamus.

*J. Ad. Rozier* for the Relatrix.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an application for a mandamus, to compel
the defendant Judges to pass upon the merits of a case over which
they have determined, on a motion to dismiss, that their court had no
jurisdiction.

It appears that in the succession of the husband of the relatrix, the
assets of which were inventoried at $1,400, an account was filed pro-
posing to distribute the proceeds of two pieces of real estate, amounting
to $755, a third piece remaining in kind.

To this account the relatrix made opposition, claiming, as due her
for her homestead, for the marital fourth, for money loaned the de-
ceased and for funeral expenses advanced by her, the total sum of
$1,938.50.

From a judgment rejecting her opposition, she appealed to the Court
of Appeals for the Parish of Orleans, by which a motion to dismiss the
appeal, for want of jurisdiction, was sustained.

The appealable or unappealable character of a suit is determined by
the extent or scope of the demand, regardless of the solvency or insol-
vency of the party defendant.

It was in the power of the relatrix to have brought a direct and in-
dependent action for the recovery of the $1,938.50, to which she claims
to be entitled.   Had she done so, and an adverse judgment been ren-
dered, she could have appealed from it directly to this Court.   Had
the succession been cast, its representative would have enjoyed a
similar right.

From the fact that, instead of resorting to a direct suit, the relatrix
has justly deemed more advisable to institute her action against the
succession by a proceeding which is a suit in itself, and is carried on

State ex rel. Holyland vs. Judge.

contradictorily with all concerned in resisting it, it does not follow that the character, in point of appealability of her action, has been changed. She enjoys the same right as if she had sued directly. The "matter in dispute," exceeding one thousand dollars, the appeal was improperly made returnable to the Court of Appeals. It should have been taken to this Court.

The jurisdiction of the former court extends to cases in which the amount in dispute or fund to be distributed exceeds two hundred, but not one thousand dollars. That of this Court extends to cases in which property or rights exceeding one thousand dollars are involved.

The circumstance that the account proposed to distribute $785 does not give the Court of Appeals jurisdiction any more than a general denial filed by the succession in a direct suit, proposing no distribution at all, could have done.

The appeal was properly dismissed.

It is, therefore, ordered that the application for a mandamus be refused with costs.

Poché, J., concurs in the decree.

Rehearing refused.